UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JESSE A. BREWER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-22-683-J |
| ) | |
| JANE DOE, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff, a federal prisoner, filed a Complaint and the matter was referred for initial proceedings to United States Magistrate Judge Gary M. Purcell consistent with 28 U.S.C. § 636(b)(1)(B), (C). Defendant Heather Walker filed a motion to dismiss [Doc. No. 20] and currently pending is Judge Purcell's Report and Recommendation recommending that the motion be granted (Rep. & Rec.) [Doc. No. 29]. Plaintiff has objected (Pl.'s Obj.) [Doc. No. 29], invoking de novo review. For the reasons discussed below, the Report and Recommendation is ADOPTED, Defendant Walker's motion to dismiss is GRANTED, and Plaintiff's Complaint is DISMISSED without prejudice.

**I.    Background**

Construing his allegations as true, an unknown female United States Marshal tased Plaintiff just before his transport flight from Oklahoma to Pennsylvania and then an unknown male United States Marshal denied him medical treatment. Plaintiff sued both individuals and Heather Walker, Assistant Director of the United States Marshal Service. [Doc. No. 1].

Reviewing Defendant Walker's motion to dismiss, Judge Purcell first held that while Plaintiff had fashioned his Complaint as arising under 42 U.S.C. § 1983 and had alleged that the Defendants were acting under color of state and federal law, his claims against the federal

employees could only arise under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *See* Rep. and Rec. at 1, n.1. Judge Purcell then agreed with Defendant Walker that because Plaintiff has alternative remedies to obtain redress for Jane and John Doe's alleged wrongful conduct, a *Bivens* remedy is unavailable. *See id.* at 6-14.

## II.     De Novo Review

According to Plaintiff, Judge Purcell abused his discretion in not allowing a *Martinez* Report to be completed and failed to consider his allegations as true. *See* Pl.'s Obj., *passim.* But Plaintiff misconstrues Judge Purcell's reasoning. That is, the recommendation for dismissal was not based on Plaintiff's failure to articulate or prove the facts underlying his claim; instead, Judge Purcell found that Plaintiff's chosen avenue for relief – a *Bivens* action – was improper.

In *Bivens*, the Supreme Court created a claim for damages which allowed an individual to sue federal agents for Fourth Amendment violations. *See Silva v. United States*, 45 F.4th 1134, 1138 (10th Cir. 2022). Thereafter, *Bivens* was expanded to include "the Fourth Amendment's Search and Seizure Clause, the Fifth Amendment's Due Process Clause, and the Eighth Amendment's Cruel and Unusual Punishments Clause." *Id.* However, after a series of related cases, little of *Bivens'* original force now remains and its expansion is "impermissible in virtually all circumstances." *Id.* at 1140. To that end, if either Congress or the Executive have "created a remedial process that it finds sufficient to secure an adequate level of deterrence," a *Bivens* action is foreclosed. *Id.*

Here, Plaintiff has available remedies through the Bureau of Prisons, the United States Marshals Service, the Federal Tort Claims Act, and 31 U.S.C. § 3721(a). *See Logsdon v. United States Marshal Serv.*, No. CV 21-253-KHV, 2023 WL 205052, at *4 (E.D. Okla. Jan. 13, 2023) (detailing the remedies available for claims involving misconduct by a United States Marshal). As

such, the Court agrees with Judge Purcell that Plaintiff's allegations – whether true or not – cannot be raised in a *Bivens* action. *See id.* (holding that because plaintiff had adequate remedies to complain about alleged wrongdoing by United States Marshals, he could not assert a *Bivens* claim).

### III.   Conclusion

Based on the foregoing, Judge Purcell's Report and Recommendation [Doc. No. 29] is ADOPTED, Defendant Walker's motion to dismiss [Doc. No. 20] is GRANTED, and Plaintiff's Complaint [Doc. No. 1] is DISMISSED without prejudice. A separate judgment will issue.

IT IS SO ORDERED this 3rd day of April, 2023.

_____
BERNARD M. JONES
UNITED STATES DISTRICT JUDGE